IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **CHRISTOPHER SEWARD** <br> 2608 Thornberry Drive <br> Edgewood, MD 21040 <br> Harford County <br> **Plaintiff,** <br> <br> v. <br> <br> **BISON DRYWALL INC.** <br> 2300 Crestnoll Rd. <br> Reisterstown, MD 21136 <br> <br> <u>***Serve Resident Agent:***</u> <br> Deborah Ann E. Owens <br> 7 Gloucester Court <br> Reisterstown, MD 21136 <br> <br> **MARK OWENS** <br> 2300 Crestnoll Rd. <br> Reisterstown, MD 21136 <br> **Defendants.** | Civil Action No.: _____ <br> <br> **JURY TRIAL REQUESTED** |

## COMPLAINT FOR OWED WAGES

Plaintiff, Christopher Seward ("Mr. Seward"), brings this lawsuit against his former employers, Defendants Bison Drywall Inc. ("Bison") and Mark Owens ("Defendant Owens") (referred to collectively as "Defendants"), for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), and Maryland Wage and Hour Law ("MWHL"), and for owed wages for all hours worked, including overtime hours, under the Maryland Wage Payment and Collection Law ("MWPCL").

## PARTIES

### PLAINTIFF

1. Mr. Seward is an adult resident of the State of Maryland, Harford County.

2. Mr. Seward was hired by Defendants in approximately 2012, as a point-up technician.

3. Mr. Seward was employed to perform manual labor such as hanging and repairing drywall.

4. Mr. Seward was always paid on an hourly basis; he was never a salaried employee.

5. Mr. Seward's hourly rate of pay from 2019 through the end of his employment was $20 per hour.

6. Mr. Seward's employment with Defendants ended in approximately June 2022.

**DEFENDANTS**

7. Defendant Bison is a for-profit Maryland-based corporation.

8. Defendant Bison is a drywall construction company.

9. Defendant Bison engages in interstate commerce by purchasing construction materials that have crossed state lines.

10. Defendants' gross annual revenue is at least $500,000.

11. Defendant Owens is the owner of Defendant Bison.

12. Defendant Owens was Mr. Seward's ultimate supervisor.

13. Defendant Owens interviewed Mr. Seward for his job as a point-up technician at Bison.

14. Defendant Owens hired Mr. Seward for the position of point-up technician.

15. Defendant Owens had the authority to fire Mr. Seward.

16. Defendant Owens could and did assign Mr. Seward to specific jobs.

17. Defendant Owens could and did change Mr. Seward's schedule based on the needs of Defendants.

18. Defendant Owens monitored and approved Mr. Seward's payroll.

19. Defendant Owens was responsible for approving Mr. Seward's requests for time off.

20. Defendant Owens set Mr. Seward's rate of pay.

21. Defendant Owens set the manner in which Mr. Seward's wages were paid, on a weekly basis.

22. Defendant Owens created Defendant Bison's employment policies and procedures, including Defendants' wage payment policies and procedures.

23. Defendant Owens, as the owner of Bison, was responsible for the payment of Mr. Seward's wages.

24. Defendants Bison and Owens, individually, were Mr. Seward's employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

25. Defendants were Mr. Seward's joint and co-employers within the meaning of the terms of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

26. Defendants are subject to the FLSA, MWHL, and the MWPCL for owed wages, including unpaid overtime wages.

27. Defendants employed and paid Mr. Seward as their employee from approximately 2012 until June 2022, and always on an hourly basis.

28. Mr. Seward's gross weekly pay varied each week based on his number of hours worked.

29. Defendants did not pay Mr. Seward for all hours worked.

30. Defendants never paid Mr. Seward overtime wages for any overtime hours worked in excess of 40 hours per workweek.

31. Throughout Mr. Seward's employment with Defendants, Defendants failed to pay Mr. Seward overtime wages at a rate of one and one-half times his regular rate of pay for all hours

worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, §3-415.

32. Defendants regularly required Mr. Seward to work in excess of 40 hours per workweek.

33. Defendants refused to timely pay Mr. Seward all of his owed wages, including all overtime wages, in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-502 and 3-505.

34. Defendants have not paid Mr. Seward all of his owed wages for all hours worked, including all owed overtime wages.

35. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants were obligated to pay Mr. Seward for all wages earned on a regular basis, including all overtime wages.

36. Defendants' actions in failing to pay Mr. Seward all of his owed wages for all hours worked, including all owed overtime wages for all overtime hours worked, were willful violations of the MWPCL.

37. Over two weeks have elapsed from the date on which Defendants were required to have paid Mr. Seward all owed wages for all hours worked, including all owed overtime wages, as required by the MWPCL, Labor and Employment § 3- 507.2(a).

38. Upon information and belief, Defendants did not post and keep posted notices explaining the requirements of the FLSA, as required by 29 C.F.R. § 516.4, or the MWHL, Md. Ann. Code, Labor & Employment, §3-423(b).

39. Defendants' failure to pay Mr. Seward all wages owed for all hours worked, including all overtime wages, was intentional and willful.

40. Defendants' failure to pay Mr. Seward all wages owed for all hours worked, including all overtime wages, was not the result of a bona fide dispute.

## FACTS

41. Mr. Seward was hired by Defendants in 2012 as a point-up technician to perform manual labor related to drywall construction.

42. Prior to being hired by Defendants, Mr. Seward interviewed with Defendant Owens.

43. When Defendant Owens interviewed Mr. Seward he told Mr. Seward her could work as many hours as he wanted.

44. During his interview with Defendant Owens, Defendant Owens told Mr. Seward Defendants do not pay overtime wages.

45. Mr. Seward was paid on an hourly basis, at a rate of $20 per hour from 2019 until the end of his employment.

46. Defendants paid Mr. Seward on a weekly basis.

47. Mr. Seward was not a salaried employee.

48. Mr. Seward's primary job duty as a point-up technician was drywall construction.

49. Mr. Seward did not supervise any employees.

50. Mr. Seward did not exercise any independent judgment or discretion.

51. Mr. Seward's regular work schedule was approximately 7:00 a.m. to 3:30 p.m., Monday through Friday.

52. Mr. Seward often worked longer hours during work days than his regular schedule provided for.

53. Mr. Seward's specific hours worked each day varied depending on the job site.

54. If Defendants had work that needed to be completed over the weekend, Defendant Bison would ask Mr. Seward to work on weekends.

55. During Mr. Seward's employment with Defendants, Defendants utilized Intuit Payroll, an

online payroll company.

56. At the beginning and end of each workday, Defendants required Mr. Seward to write down his start times and end times on timecards.

57. At the end of each work week, Mr. Seward emailed a picture of his timecards to his crew leader.

58. Mr. Seward's total hours worked per week ranged anywhere from 41 hours per week to as many as 59 hours per week.

59. On average, Mr. Seward worked approximately 48 hours per week.

60. For example, for the pay period of January 25, 2019, to January 31, 2019, Mr. Seward's pay stub from Defendants shows he worked 56 hours and was paid a flat rate of $20 per hour, without any overtime wages for hours in excess of 40 hours that week.

61. For example, for the pay period of January 24, 2020, to January 30, 2020, Mr. Seward's pay stub from Defendants shows he worked 59.30 hours and was paid a flat rate of $20 per hour, without any overtime wages for hours in excess of 40 hours that week.

62. For example, for the pay period of September 17, 2021, to September 23, 2021, Mr. Seward's pay stub from Defendants shows he worked 48 hours and was paid a flat rate of $20 per hour, without any overtime wages for hours in excess of 40 hours that week.

63. For example, for the pay period of February 10, 2022, to February 16, 2022, Mr. Seward's pay stub from Defendants shows he worked 56 hours and was paid a flat rate of $20 per hour, without any overtime wages for hours in excess of 40 hours that week.

64. Defendants knew that Mr. Seward was working overtime each week, as indicated by the paystubs provided to Mr. Seward by Defendants.

65. Defendants knew that Mr. Seward was working overtime each week because Defendant

Bison asked Mr. Seward to work weekends.

66. Defendants knew that Mr. Seward was working overtime each week because Defendant Bison told Mr. Seward during his interview that he could work as many hours as he wanted.

67. Throughout his employment with Defendants, Mr. Seward periodically asked his crew leader and/or Defendant Owens about overtime wages and Mr. Seward was always told Defendants do not pay overtime wages.

68. Mr. Seward most recently asked Defendants about overtime pay approximately four months before the end of his employment; Defendants again told Mr. Seward they do not pay overtime wages.

69. For approximately four weeks, in early 2022, Defendants automatically deducted two hours per week from Mr. Seward's hours worked each workweek.

70. Mr. Seward never agreed that Defendants could deduct any time from his hours worked.

71. Defendants did not pay Mr. Seward for the two hours they deducted from Mr. Seward each week for four weeks, in early 2022.

72. Defendants never told Mr. Seward what the deductions were for.

73. Mr. Seward satisfies all requirements for maintaining claims under the MWHL, the MWPCL, and the FLSA.

74. Defendants willfully and intentionally failed to pay Mr. Seward at a rate of one and one-half times his regular rate of pay for all overtime hours worked over 40 hours in a workweek during his employment with Defendants, as required by the MWHL, Labor and Employment § 3-415(a), and the FLSA, 29 U.S.C. § 207.

75. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Mr. Seward all his owed wages, including wages for the time

Defendants deducted from Mr. Seward's hours worked and all overtime wages due for all overtime hours worked prior to the termination of his employment, as required by the MWPCL, Labor and Employment § 3-505.

76. Over two weeks have elapsed from the date on which Defendants were required to have paid Mr. Seward all owed wages as required by the MWPCL, Labor and Employment § 3- 507.2(a).

77. Upon information and belief, Defendants did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA or MWHL prior to deciding not to pay Mr. Seward overtime wages for all overtime hours worked over 40 hours per workweek.

78. Defendants' failure to pay Mr. Seward all hours worked, including overtime wages for all overtime hours worked, was not done in good faith and was willful, as evidenced by the fact that Defendants knew Mr. Seward was an hourly, non-exempt employee, and knew that Mr. Seward worked overtime hours.

79. Mr. Seward requested that Defendants pay his overtime wages for all overtime hours worked, Defendants refused.

80. Defendants' failure to pay Mr. Seward all his owed wages for all hours worked, including overtime wages for all overtime hours worked, was not the result of a bona fide dispute.

## VENUE

81. Original jurisdiction in this Court is granted by the FLSA, 29 U.S.C.A. § 207 *et seq*.

82. This Court also has subject matter jurisdiction to hear this Complaint and adjudicate the claims stated herein under 28 U.S.C. § 1331.

83. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## VIOLATIONS OF LAW

**COUNT I – VIOLATIONS OF THE FLSA, FAILURE TO PAY THE REQUIRED OVERTIME WAGE**

84. All allegations of the Complaint are expressly incorporated herein.

85. For the entirety of his employment, Mr. Seward was required to work in excess of 40 hours per workweek.

86. At all times relevant, Mr. Seward, was an hourly, non-exempt employee under the FLSA, entitling him to be paid overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per workweek.

87. Defendants willfully and intentionally failed to pay Mr. Seward overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked, in excess of 40 hours per workweek.

88. Defendants violated the FLSA by willfully and intentionally failing and refusing to pay Mr. Seward overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. § 207.

89. By reason of the aforesaid violations of the FLSA, Defendants are liable to Mr. Seward in an amount equal to the unpaid overtime, liquidated damages, all other applicable penalties, attorneys' fees and costs, and pre- and post- judgment interest.

90. <u>Relief requested</u> – Mr. Seward requests that: (a) Defendants be ordered to pay him all overtime wages for all overtime hours worked; (b) liquidated damages be assessed against Defendants; (c) he be awarded pre- and post- judgment interest; and (d) he be awarded his attorneys' fees and costs. In addition, Mr. Seward requests that an Order issue enjoining Defendants to comply with the FLSA.

## COUNT II – <u>VIOLATIONS OF THE MWHL, FAILURE TO PAY THE REQUIRED OVERTIME WAGE</u>

91. All allegations of the Complaint are expressly incorporated herein.

92. For the entirety of his employment, Mr. Seward was required to work in excess of 40 hours per workweek.

93. Defendants willfully and intentionally failed to pay Mr. Seward overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked, in excess of 40 hours per workweek.

94. At all times relevant, Mr. Seward was an hourly, non-exempt employee under the MWHL, Labor and Employment §§3-403, 3-415(a), entitling him to be paid overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per workweek.

95. Defendants willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Mr. Seward for all overtime hours worked at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per workweek.

96. Defendants' unlawful acts deprived Mr. Seward of overtime wages in amounts to be determined at trial, and he is entitled to recovery of such amounts, plus liquidated damages, attorneys' fees, and costs.

97. There is no bona fide dispute that Mr. Seward is owed the requested overtime wages.

98. <u>Relief requested</u> – Mr. Seward requests that: (a) Defendants be ordered to pay him all overtime wages owed at a rate of one and one-half times his regular rate of pay for all overtime hours worked; (b) that he be awarded an additional amount of liquidated damages; (c) that he be awarded pre- and post- judgment interest; and (d) that he be awarded his attorneys' fees and costs.

## COUNT III – <u>VIOLATIONS OF THE MWPCL, FAILURE TO TIMELY PAY ALL WAGES DUE</u>

99. All allegations of the Complaint are expressly incorporated herein.

100. For the entirety of his employment, Mr. Seward was required to work in excess of 40 hours per workweek.

101. At all times relevant, Mr. Seward, was an hourly, non-exempt employee under the MWHL, Labor and Employment §§3-403, 3-415(a), entitling his to be paid overtime wages at a rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours per workweek.

102. Defendants willfully and intentionally failed to pay Mr. Seward overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked, in excess of 40 hours per workweek.

103. Defendants also automatically deducted a two hours per workweek from Mr. Seward's hours worked during four weeks in early 2022.

104. Defendants did not pay Mr. Seward for those improperly deducted two hours per workweek from Mr. Seward's hours worked during four weeks in early 2022.

105. Defendants intentionally and willfully did not pay Mr. Seward his owed wages for all hours worked, including overtime hours.

106. Defendants have not paid Mr. Seward all of his owed wages.

107. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendants were obligated to pay Mr. Seward for all wages earned on a regular basis, including overtime wages.

108. Defendants' actions in failing to pay Mr. Seward all of his owed wages, including all overtime wages for all overtime hours worked, were willful violations of the MWPCL.

109. Over two weeks have elapsed from the date on which Defendants were required to have paid Mr. Seward all owed wages, including all owed overtime wages, as required by the MWPCL, Labor and Employment § 3-507.2(a).

110. There is no bona fide dispute as to the wages owed to Mr. Seward.

111. <u>Relief requested</u> – Mr. Seward requests that: (a) Defendants be ordered to pay him all owed wages, including all overtime wages; (b) that he be awarded treble damages; (c) that he be awarded pre- and post- judgment interest; and (d) that he be awarded his attorneys' fees and costs.

Respectfully submitted,

Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net

Devan M. Wang, Bar #30211
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1207
fax. 410.296.8660
dw@joblaws.net

*Attorneys for the Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff requests that a jury of his peers hear and decide all claims asserted in this Complaint.

Devan M. Wang, #30211
*Attorneys for the Plaintiff*